# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

VA TIMBERLINE, LLC,

      **Plaintiff,**

      **v.**                                        **CIVIL ACTION NO. 2:06cv463**

LAND MANAGEMENT GROUP, INC.,
G. CRAIG TURNER, and
LAWRENCE F. BALDWIN

      **Defendants.**

### *MEMORANDUM OPINION & ORDER*

VA Timberline, LLC ("Plaintiff") alleges that Land Management Group, Inc. ("LMG"), G. Craig Turner ("Turner"), and Lawrence F. Baldwin ("Baldwin") (collectively "Defendants") were professionally negligent in performing soil testing work for Plaintiff in 2003 and 2004, and that LMG breached its contract with Plaintiff. This matter now comes before the Court on Motion of the Defendants to Dismiss Count II of Plaintiff's complaint alleging professional negligence. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendants' motion to dismiss is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges that it entered into a contract with a third party in January 2003 to purchase real estate in the County of Isle of Wight, Virginia. The contract included a due diligence period for Plaintiff to conduct tests on the property, including soil analysis tests, in

order to determine its suitability for development.  The contract provided that Plaintiff could withdraw from the purchase obligation during this due diligence period if the results of the tests were unfavorable.  The due diligence period expired on or about April 8, 2003.

Plaintiff subsequently entered into a contract with LMG for LMG to conduct a professional analysis on the soil of the property in question in order to determine its suitability for conventional septic systems.  Plaintiff alleges that LMG employees Turner and Baldwin traveled to Plaintiff's property in January or February of 2003 and conducted soil analysis tests. Plaintiff states that Turner and Baldwin prepared a soil analysis report for Plaintiff showing that the majority of soil on the property was suitable for conventional waste disposal systems. Plaintiff alleges that it did not withdraw from its real estate purchase contract with the third party during the due diligence period based on its reliance on LMG's report.

Plaintiff had further tests performed on the property in 2004.  These tests showed that the reports prepared by Defendants were incorrect and that Plaintiff's property was not suitable for conventional septic systems.  Plaintiff alleges that LMG then conducted further tests on the property in 2004 that confirmed that the first tests results were in error, and that the property is not in fact suitable for conventional waste disposal.  Plaintiff states that it has been injured by being forced to delay development of the property and that it has incurred expenses involving exploration of alternate waste disposal systems.  On August 15, 2006, Plaintiff filed a complaint against Defendants alleging breach of contract against LMG and professional negligence against all Defendants.  Defendants filed a motion to dismiss on October 30, 2006.  Plaintiff responded in opposition on November 13, 2006, and Defendants replied on November 20, 2006.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted.  Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that the facts alleged in the plaintiff's complaint are true.  *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).  A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."  *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

## III. DISCUSSION

In Count II of the complaint, Plaintiff alleges that Defendants were professionally negligent in performing the work done under the contract for soil testing.  Plaintiff alleges that it relied on the Defendants' soil report to its detriment when it let the due diligence period expire under the real estate purchase contract.  Defendants, however, argue that they owed no common law duty to Plaintiff outside the contract, so that the professional negligence claim should be dismissed.

In general, "To establish a cause of action for negligence, the duty alleged to have been tortiously breached must be a common law duty, not a duty arising between the parties solely by virtue of a contract."  *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 136, 509 S.E.2d 494, 497

3

(1999). Whether a party owes a common law duty of care to another is a question of law. *Id.*

The Supreme Court of Virginia has defined the distinction between tort and contract as follows:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 399-400 (1976). A party may be able to

maintain actions for both breach of contract and tortious breach of duty; however, the tort action

must involve a common law duty that does not exist but for the contract. *Richmond Metro. Auth.*

*v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). In summary, "A

tort action cannot be based solely on a negligent breach of contract." *Id.* at 559, 507 S.E.2d at

347.

In the present case, Plaintiff alleges that, "In performing the work under the Agreement,

the Defendants owed a duty to VAT to exercise the level of care and skill that other similarly

skilled and licensed soil scientists would use . . . ." (Pl.'s Compl. ¶ 30) Plaintiff is therefore

alleging that Defendants breached a duty under a contract. Virginia law provides that apart from

an independent common law duty, this is not a proper basis for a negligence claim. *See*

*Richmond Metro. Auth.*, 256 Va. at 558, 507 S.E.2d at 347. Defendants were under no

independent duty toward Plaintiff other than their obligations under the contract for soil testing.

Multiple courts applying Virginia law have dismissed tort claims when the underlying cause of

action is truly for breach of contract. *See, e.g., Pierce v. NICO Pyrotechnik*, No. 2:04cv602,

2005 WL 1667748, at *10 (E.D. Va. June 17, 2005) (dismissing a claim for fraud when absent the contract in question no misrepresentation would exist); *Carytown Jewelers, Inc. v. ADT Sec. Servs., Inc.*, No. 3:05cv84, 2005 WL 1147800, at *3 (E.D. Va. May 16, 2005) (dismissing a negligence claim and stating, "Because the duty allegedly performed in a negligent way was created by contract, there is no negligence claim available under Virginia law."); *Hewlette v. Hovis & Hovis*, 318 F. Supp. 2d 332, 336 (E.D. Va. 2004) (dismissing a negligence claim against an attorney because the plaintiff's cause of action "for breach of those duties arises solely in contract law, not tort law."); *Holles*, 257 Va. at 137, 509 S.E.2d at 498 (affirming the dismissal of a negligence claim when the defendant did not owe a duty to the plaintiff outside its contract); *Richmond Metro. Auth.*, 256 Va. at 560, 507 S.E.2d at 348 (affirming the dismissal of a fraud claim when the only duty between the parties existed because of a contract).

The Court is mindful of the underlying policies for contract and tort law.  The Supreme Court of Virginia has stated that, "The controlling policy consideration underlying tort law is the safety of persons and property-the protection of persons and property from losses resulting from injury.  The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for."  *Sensenbrenner v. Rust, Orling & Neal, Architects, Inc.*, 236 Va. 419, 374 S.E.2d 55, 58 (1988).  The present case does not involve the safety of persons and property from injury; however, the present case does involve economic loss and the protection of bargained-for expectations.  Indeed, Plaintiff has claimed the exact same damages for both its breach of contract claim and its professional negligence claim.  These damages relate to losses and expenses incurred as a result of Plaintiff's actions in proceeding with the real estate sales contract while relying on Defendants' allegedly negligent report.  This loss involves bargained-

for economic expectations, not the safety of Plaintiff's property from injury.  The contract between the parties thus forms the sole basis for Plaintiff's alleged damages, and Plaintiff's professional negligence claim must be dismissed.

Plaintiff argues that it has alleged a common law duty between the parties because Defendants were professionals and consequently were under a duty to exercise the requisite professional duty of care.  Many of the cases concerning a professional duty of care relate to the attorney-client relationship, and so the Court will discuss these cases to examine Virginia law as it relates to professional negligence.  Plaintiff relies primarily upon *Lyle, Siegal, Croshow & Beale, P.C. v. Tidewater Capital Corp.*, 249 Va. 426, 432, 457 S.E.2d 28, 32 (1995), which holds that contributory negligence is available as a defense in a legal malpractice action and states that, "[T]he duty upon the attorney to exercise reasonable care, skill, and diligence on behalf of the client arises out of the relationship of the parties, irrespective of a contract . . . ."  The Supreme Court of Virginia has subsequently clarified its holding in *Lyle*.  In *Cox v. Geary*, 271 Va. 141, 152, 624 S.E.2d 16, 22 (2006), the Supreme Court of Virginia first reaffirmed that an action against an attorney for negligence is an action for breach of contract.  The court then stated that although contributory negligence and other tort-related concepts are applicable in legal malpractice actions as per the holding in *Lyle*, the cause of action is still for a breach of contract. *Id.*  In *O'Connell v. Bean*, 263 Va. 176, 181, 556 S.E.2d 741, 743 (2002), the Supreme Court of Virginia held that a plaintiff's claims of breach of fiduciary duty and constructive fraud against an attorney are actions for breach of contract.  The court went on to state that because these actions were for breach of contract, "[P]unitive damages may not be awarded for any such breaches in the absence of an independent, willful tort giving rise to such damages." *Id.*  Several

courts have applied these concepts to dismiss professional negligence claims when the true cause of action is for breach of contract. *See Atlas Partners II, Ltd. P'ship v. Brumberg, Mackey & Wall, PLC*, No. 4:05cv1, 2006 WL 42332, at *7 (E.D. Va. Jan. 6, 2006) ("[I]n the absence of an independent, common law tort, other causes of action that allege the tortious breach of an attorney's contract for legal services are redundant and must be dismissed."); *Hewlette*, 318 F. Supp. 2d at 336. Therefore, even assuming soil scientists are professionals, Plaintiff's claim for professional negligence must be dismissed because it arises solely from Plaintiff's contractual relationship with Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Count II of Plaintiff's complaint as failing to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 15, 2006

7